INTERPLEADER LAW, LLC
William J. Perry (LA 19100)
9015 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: (225) 246-8706
Email: william.perry@interpleaderlaw.com

Attorney for Plaintiffs,
Bryanna Dobmeier and Cambria Dobmeier

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Bryanna Dobmeier and Cambria Dobmeier,<br><br>Plaintiffs,<br><br>v.<br><br>Empire Southwest, LLC Plan;<br>Empire Southwest, LLC; and<br>Unum Life Insurance Company of America<br><br>Defendants. | NO.<br><br>**COMPLAINT** |

Bryanna Dobmeier and Cambrea Dobmeier, through undersigned counsel, for their Complaint against Empire Southwest, LLC Plan; Empire Southwest, LLC; and Unum Life Insurance Company of America, allege as follows:

## PARTIES

1. Bryanna Dobmeier is a citizen of the State of Arizona.

2. Cambrea Dobmeier is a citizen of the State of Arizona.

1

3. Empire Southwest, LLC Plan (the "Plan") is an employee benefit plan of Empire Southwest, LLC that provides life insurance proceeds in the event of a Plan participant's death. No service is necessary at this time, as Plaintiffs are providing a copy of this Complaint to all parties, along with a request that they waive the issuance and service of summonses.

4. Empire Southwest, LLC ("Empire") is a company organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arizona and doing business in the State of Arizona, having its address at 1725 S. Country Club Drive, Mesa, Arizona 85210. No service is necessary at this time, as Plaintiffs are providing a copy of this Complaint to all parties, along with a request that they waive the issuance and service of summonses.

5. Unum Life Insurance Company of America ("Unum") is an insurance company organized and existing under the laws of the State of Maine, with its principal place of business in the State of Maine and doing business in the State of Arizona, having its address at 2211 Congress Street, Portland, Maine 04122. No service is necessary at this time, as Plaintiffs are providing a copy of this Complaint to all parties, along with a request that they waive the issuance and service of summonses.

## JURISDICTION AND VENUE

6. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States.

Specifically, Bryanna Dobmeier and Cambrea Dobmeier bring this action to enforce their rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3).

7. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

8. On April 2, 2012, Plaintiffs' now deceased father, Bryan Dobmeier, was employed by Empire as a mechanic.

9. As a benefit of his employment with Empire, Mr. Dobmeier was afforded the opportunity to elect Basic and Supplemental group life insurance benefits.

10. Mr. Dobmeier availed himself of said right, electing $83,000 in Basic coverage and $24,000 in Supplemental coverage, and he designated Plaintiffs as equal beneficiaries of both benefits.

11. The Plan also contains a "conversion privilege" that allows a participant to convert coverage (from group coverage to individual coverage) in the event coverage terminates under the Plan.

12. This conversion privilege provides that the participant must apply for individual life insurance under the life conversion privilege and pay the first premium within 31 days after the date the participant's employment terminates or the employee is otherwise no longer eligible to participate in the coverage of the Plan.

13. Furthermore, the Plan provides that if a participant dies within the 31-day conversion application period, Unum will pay the beneficiaries the amount of insurance that could have been converted whether or not the participant applied for an individual life policy under the conversion privilege.

3

14. On June 15, 2016, Mr. Dobmeier was physically present for the entire day at his job with Empire.

15. On June 16, 2016, Mr. Dobmeier took a leave of absence from Empire to deal with health issues.

16. Despite his absence, Empire continued to remit premiums to Unum for Mr. Dobmeier's Basic and Supplemental Life Insurance benefits until July 31, 2016.

17. This was consistent with two provisions of the Plan. First, the Plan provides that an employee's coverage is continued during a medical leave of absence in accordance with the employer's human resource policy if premium payments are made and the employer approves of the leave of absence in writing. Secondly, the Plan provides that if an employee is on a leave of absence, and if premiums were paid, the employee will be covered through the end of the month that immediately follows the month in which the leave of absence began.

18. From June 16, 2016, when Mr. Dobmeier began his leave of absence, through July 25, 2016, when it appears Mr. Dobmeier last had contact with Empire, representatives of Empire had multiple communications with Mr. Dobmeier via telephone calls, voicemail exchanges, and email, in which Mr. Dobmeier was never notified that he had been terminated.

19. On August 2, 2016, Empire purportedly mailed a certified letter to Mr. Dobmeier's last known address advising him that he was being terminated retroactively to June 15, 2016 for "job abandonment." The correspondence further allegedly included

4

an "Exit Memo" informing Mr. Dobmeier of his various benefits rights, including his right to convert his life insurance within 31 days of his date of termination.

20.     However, Empire's retroactive termination of Mr. Dobmeier to a date 72 days in the past made it legally impossible for Mr. Dobmeier to convert his life insurance within 31 days of his date of termination as allowed under the Plan.

21.     At no time during the numerous communications between Mr. Dobmeier and Empire prior to August 2, 2016 was Mr. Dobmeier ever informed that he or his life insurance coverage had been terminated, and/or that his 31-day conversion application period had commenced.

22.     Mr. Dobmeier was reported missing by his family on July 25, 2016.

23.     On October 10, 2016, his remains were found in his vehicle in the desert.

24.     According to the Preliminary Death Report of the La Paz County Sheriff's Department and the Investigative Narrative ("Sheriff's Report"), the vehicle was submerged in a foot of sand, which Deputy Bohlen attributed to the fact that the car had likely been there since early August throughout Arizona's monsoon season.

25.     The Sherriff's Report further stated that Mr. Dobmeier was estimated to have been deceased for "over two months" and had "the odor and presence of a person being deceased for quite some time."

26.     Moreover, the State of Arizona Certificate of Death states that Mr. Dobmeier's immediate cause of death could not be determined because his remains had mummified.  Even under optimal, arid conditions such as the Arizona desert, low humidity natural mummification takes a couple of months.

5

27. Thus, the date of Mr. Dobmeier's disappearance, coupled with the medical and physical evidence, all point to Mr. Dobmeier's death occurring sometime in early August, 2016.

28. Following Mr. Dobmeier's death, Bryanna Dobmeier and Cambrea Dobmeier submitted claims for the Basic and Supplemental life insurance benefits under the Plan to Unum.

29. Unum denied the claims in a letter dated January 31, 2017, alleging that Mr. Dobmeier's life insurance coverage was no longer in effect as of the date of his death because his employment was terminated June 15, 2016, and he failed to exercise his conversion privilege within 31 days of June 15, 2016.

30. Plaintiffs filed a Notice of Appeal on March 20, 2017, and pointed out that both Empire and Unum had failed to provide Mr. Dobmeier with timely notice of his right to convert his benefits.

31. Plaintiffs also pointed out that Empire paid to, and Unum accepted, premium payments for Mr. Dobmeier's coverage through July 31, 2016, thereby leading Mr. Dobmeier to believe that coverage was in place through at least July 31, 2016.

32. On April 4, 2017, Unum denied the appeal, again alleging that Mr. Dobmeier's life insurance coverage was no longer in effect as of the date of his death because his employment was terminated on June 15, 2016, and that he failed to exercise his conversion privilege within 31 days of June 15, 2016.

33. An ERISA claimant's administrative remedies are "deemed exhausted" once all rights to appeal under the Plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. § 2560.503-1.

34. Accordingly, due to Defendant Unum's denial of Plaintiffs' appeal, Plaintiffs' administrative remedies are deemed exhausted, and their claims are ripe for litigation.

### FIRST CLAIM FOR RELIEF FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST, ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))
(Against Unum and the Plan only)

35. Plaintiffs incorporate by reference all preceding paragraphs 1 through 34 as though fully set forth herein.

36. The denial of Plaintiffs' claims for Basic and Supplemental life insurance benefits was improper, in that Mr. Dobmeier paid all necessary premiums through the end of July, 2016, and thus was eligible for conversion until at least the last day of August, 2016, and he died prior to expiration of the conversion application period.

37. Defendants Unum and the Plan failed in their obligations to take the necessary steps to ensure that Mr. Dobmeier complied with applicable Plan requirements for coverage to remain in place through the date of his death, or at a minimum, not pay premiums for insurance coverage for which he was not eligible.

38. At all times, Mr. Dobmeier performed all obligations on his part to be performed pursuant to the terms of the Plan.

39. Unum and the Plan failed in their obligations to take the necessary steps to not accept premiums for insurance coverage for which they claim Mr. Dobmeier was not eligible.

40. In addition, the laws of both Maine (which governs the life insurance policy) and Arizona provide that the time a participant has to convert his policy is not less than 15 days following actual written notice of the conversion privilege sent to his last known address, not to exceed 60 days after the after the expiration date contemplated by the policy.

41. Unum and the Plan failed to notify Mr. Dobmeier of his right to convert his benefits at the time of his alleged retroactive termination on June 15, 2016, but Empire allegedly provided such notice on August 2, 2016.

42. If Mr. Dobmeier was retroactively terminated on June 15, 2016, then he had at least until August 15, 2016 to convert by operation of statute.

43. Because Mr. Dobmeier died prior to August 15, 2016, within the statutory conversion application period, Unum must pay the beneficiaries the amount of insurance that could have been converted whether or not the participant applied for an individual life policy under the conversion privilege.

44. Alternatively, if Mr. Dobmeier was actually terminated on August 2, 2016, then he had at least until September 3, 2016 to convert his coverage pursuant to the plain language of the policy.

45. Because Mr. Dobmeier died prior to September 3, 2016, within the Plan's 31-day conversion application period, Unum must pay the beneficiaries the amount of

8

insurance that could have been converted whether or not the participant applied for an individual life policy under the conversion privilege.

46. As a result of the conduct and failures of Unum and the Plan, Plaintiffs have been denied the Basic and Supplemental Life insurance proceeds, and have been damaged in the amount of the unpaid life insurance proceeds of at least $107,000, plus interest, the actual amount of which will be proven at trial.

47. Plaintiffs are entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

48. As a further direct and proximate result of the conduct of Unum and the Plan, Plaintiffs, in pursuing this action, have been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to have such fees and costs paid by Defendants.

49. Following the denial of benefits under the Plan, where Unum denied Plaintiffs' administrative appeal, Plaintiffs' administrative remedies required under ERISA are deemed exhausted, and Plaintiffs have performed all duties and obligations on Plaintiffs' part to be performed under the Plan.

SECOND CLAIM FOR RELIEF UNDER ERISA
(29 U.S.C. § 1132(a))
(Against All Defendants)

50. Plaintiffs incorporate by reference all preceding paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiffs are informed and believe that Defendants mishandled the premium payment and conversion privilege process by failing to notify Mr. Dobmeier of

9

his rights and obligations under the Plan, including the right to convert or port his benefits upon termination, if such termination truly occurred on June 15, 2016.

52. Plaintiffs are informed and believe that Defendants mishandled the premium payments by misrepresenting that Mr. Dobmeier's life insurance benefits under the Plan existed when they allegedly did not exist from June 15, 2016 through July 31, 2016.

53. By offering or soliciting Plaintiffs' continued enrollment in the Plan from June 15, 2016 through July 31, 2016, acting consistent with enrollment having been continued, remitting premium payments for the coverage, and representing that coverage remained in place when it allegedly did not, Defendants are estopped from asserting that Mr. Dobmeier's coverage terminated prior to their giving notice of such termination on August 2, 2016.

54. By failing to properly administer the Plan, failing to notify Mr. Dobmeier of his right to convert his benefits, remitting premium payments for phantom coverage after the date that his coverage allegedly terminated, and failing to advise Mr. Dobmeier that his coverage terminated, Defendants breached the fiduciary duties they owed to Mr. Dobmeier and Plaintiffs, as beneficiaries under the Plan.

55. Defendant Unum has been unjustly enriched by retention of all premiums and retention of the life insurance benefits properly owed to Plaintiffs. Unum has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of life insurance premiums for coverage paid by or on behalf of Mr. Dobmeier, while purportedly retaining the right to deny any claim for benefits under the said coverage.

56. Defendant Unum has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Plaintiffs.

57. The denial of Plaintiffs' claim for life insurance benefits was improper, in that Mr. Dobmeier, at all relevant times, believed he was enrolled in Basic and Supplemental Life insurance based on Defendants' own misrepresentations.

58. At all times relevant, Plaintiffs and Mr. Dobmeier performed all obligations on their part to be performed pursuant to the terms of the Plan.

59. As a result of Defendants' conduct and failures, Plaintiffs have been denied the full value of the life insurance proceeds and has been damaged in the amount of at least $107,000, plus interest, the actual amount of which will be proven at trial.

60. Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 1132(a).

61. As a further direct and proximate result of Defendants' conduct, Plaintiffs, in pursuing this action, have been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiffs are entitled to have such fees and costs paid by Defendant(s).

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

a) Payment of life insurance benefits in the amount of $107,000, or such other amount as is shown at time of trial, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

b) Reformation of the Plan to the extent the Plan terms are unclear or to the extent the Plan must be modified in order to align with the representations of Defendants

or expectations of Plaintiffs, so as to allow Plaintiffs to realize benefits, or their equitable equivalent under the Plan;

     c)      Separate and apart from the benefits under the Plan, Plaintiffs seek disgorgement of any profits Defendant Unum may have realized by the wrongful retention of such benefits;

     d)      Enforcement of Plaintiffs' rights under the terms of the Plan;

     e)      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

     f)      For payment of prejudgment and post-judgment interest as allowed for under ERISA; and

     g)      For such other and further relief as this Court deems just and proper.

DATED this 25th day of September, 2017.

                                               INTERPLEADER LAW, LLC

                                               */s/ William J. Perry*
                                               William J. Perry
                                               Attorney for Plaintiffs
                                               Bryanna Dobmeier and Cambria Dobmeier